UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
|    Richard Brown Mitchell, Jr. | ) | Case No. 10-38146-DOT |
|    a.k.a. R. B. Mitchell | ) | Chapter 13 |
|       Debtor. | ) | |
| | ) | |
| John J. McAvoy | ) | |
| Tiffany S. McAvoy | ) | |
|       Plaintiffs | ) | |
| v. | ) | |
| | ) | |
| Richard Brown Mitchell, Jr. | ) | |
| Robert E. Hyman, Trustee | ) | |
|       Defendants | ) | |

## MOTION FOR RELIEF FROM STAY OR FOR ADEQUATE PROTECTION

John J. McAvoy and Tiffany S. McAvoy ("Plaintiffs"), by and through counsel, moves the Court to grant them Relief from the Automatic Stay imposed by section 362 of the U. S. Bankruptcy Code or for Adequate Protection and as grounds therefor state, as follows:

1. The Debtor filed a Petition under Chapter 13 of the Bankruptcy Code on November 29, 2010, and this Court has jurisdiction under 11 U.S.C. Section 101 and 28 U.S.C. Section 157(a). Robert E. Hyman, Esq. is the Trustee in the case.

2. Plaintiffs obtained a judgment against the Debtor in the Circuit Court of Westmoreland County, Virginia on February 25, 2010 in the amount of $178,514 with interest at

1

Harry Shaia, Jr., Esq. (VSB No. 05897)
SPINELLA, OWINGS & SHAIA, P.C.
8550 Mayland Drive
Richmond, VA 23294-4704
Telephone (804) 747-0920
Facsimile (804) 270-7268

6 percent from February 25, 2010 (EXHIBIT A).

3. At the request of the Plaintiffs, the Clerk of the Circuit Court of Westmoreland County, Virginia, issued a Writ of Fieri Facias on May 18, 2010 (EXHIBIT B).

4. On May 25, 2010, by his deputy, the Sheriff ("Sheriff") levied on four motor vehicles and a 14 foot DXL Carolina Skiff (the "Property") (EXHIBIT C).

5. The Plaintiffs posted an Indemnity Bond for $28,000, twice the total estimated sales price of the Property (exclusive of the Debtor's personal vehicle) which the Sheriff was directed to sell. The Plaintiffs did not attempt to sell the Debtor's personal vehicle because he uses for his personal transportation.

6. The Debtor on or about November 15, 2010 removed the Carolina Skiff and the 1997 Ford truck from the premises in violation of Virginia Code Section 18.2-101. The Debtor, by counsel, has repeatedly assured the Plaintiffs that the Carolina Skiff and the vehicle would be returned to the premises, but, on information and belief, as of this date they have not been returned.

7. The Debtor on December 5, 2008, transferred, without any monetary consideration, a 28 foot Chesapeake Classic (the "Boat"), upon which the Plaintiffs claim a lien, to his son, Richard B. Mitchell, III, a minor at that time and residing with the Debtor, during the pendency of the lawsuit which resulted in the aforesaid judgment in the Plaintiffs' favor (EXHIBIT A). The Boat remains at the Debtor's home in Reedville, Virginia.

8. The Plaintiffs filed a Complaint to Set Aside Fraudulent Conveyance in the Circuit Court of Northumberland County, Virginia on May 25, 2010 to set aside the transfer of the Boat by the Debtor to his son, and has been or is expected to be resolved by the entry of an Order by that Court referring the matter to a Special Commissioner for the purpose of selling the Boat and depositing the funds to the credit of the Court awaiting further order of that Court.

9. The Property remains under the control of the Sheriff of Westmoreland County, Virginia awaiting Order of this Court.

10. The Debtor attempted to take some action regarding the Property at the Virginia Division of Motor Vehicles and was denied.

11. The Plaintiffs admit the Property is property of the Bankruptcy Estate subject to the Plaintiffs' lien.

Wherefore, the Plaintiffs request that the Court enter an Order:

1. Finding that they are not adequately protected.

2. Terminating the Automatic Stay with reference to the Property

3. Finding that the Plaintiffs, having posted an Indemnity Bond, are entitled to proceed to have the Sheriff sell the Property and credit the net amount of the proceeds of sale to their debt and to provide an accounting to the Debtor and to the Trustee.

In the alternative:

4. Finding that the Plaintiffs have a lien against the Property and require that any Plan proposed by the Debtor address the Plaintiffs' claim as a secured claim and provide for payment of their lien therein; and,

5. Grant such other and further relief as may be just.

JOHN J. McAVOY AND TIFFANY S. McAVOY
By Counsel

Harry Shaia, Jr., Esq. (VSB No. 05897)
SPINELLA, OWINGS & SHAIA, P.C.
8550 Mayland Drive
Richmond, VA 23294-4704
Telephone (804) 747-0920
Facsimile (804) 270-7268

## Certificate of Service

I hereby certify that a true copy of the foregoing Motion was served by regular mail or electronically by email or ECF on this 7th day of December, 2010, on all necessary parties.

Harry Shaia, Jr.

Daniel M. Dellinger
Margaret A. Dellinger
417 Park Street S.E.
Vienna, VA 22180

Essex Bank
PO Box 965
Tappahannock, VA 22560-0965

John J. McAvoy
Tiffany S. McAvoy
387 Harbor Dr
Reedville, VA 22539-3608

Travis T. Williamson
Cecelilia J. Williamson
118 Hickory Lane
Reedville, VA 22539

John C. Hodges, Esq.
Thomas M. Hendell, Esq.
DUNTON, SIMMONS & DUNTON, L.L.P.
PO Box 5
678 Rappahannock Drive
White Stone, VA 22578

Robert E. Hyman, Esq.
P.O. Box 1780
Richmond, VA 23218-1780

James S. Sease, Esq.
Bank of America Bldg, Suite 200
PO Box 715
Mathews, VA 23109

Richard Brown Mitchell, Jr
387 Harbor Dr
Reedville, VA 22539-3608