UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:  RICHARD BROWN MITCHELL, JR.   )
                                      )     Case No. 10-38146-DOT
                                      )            Chapter 13
                    Debtor.           )

**MOTION TO EXTEND TIME TO OBJECT TO DEBTOR'S EXEMPTIONS AND TO OBJECT TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN**

COMES NOW Essex Bank, by counsel, and moves this Court to enter an Order extending the time by which it may object to the Debtor's claimed exemptions and object to confirmation of Debtor's Chapter 13 Plan, and in support thereof states as follows:

1. Debtor filed his Petition pursuant to Chapter 13 of the Bankruptcy Code on or about November 29, 2010.

2. Essex Bank is a secured creditor of the Debtor by virtue of several deeds of trust relating to several real properties owned by the Debtor and securing certain debts owed by the Debtor to Essex Bank.  Debtor has listed in his schedules, and has made provision in Part 5(A) of his proposed Chapter 13 Plan filed on December 13, 2010, to make regular contract payments to Essex Bank related to three properties owned by the Debtor and for which Essex Bank holds deeds of trust.

3. Essex Bank has reviewed the proposed payments in Debtor's Chapter 13 plan filed on December 13, 2010 and reviewed its own records, and at present would reject and object to the Plan, as Essex Bank believes that Debtor's current Chapter 13

plan is deficient, incomplete, and otherwise fails to adequately state and protect the interests of Essex Bank, and more specifically the proposed Plan, among other issues:

    a.    fails to list and account for and/or improperly lists and describes at least two properties in which Essex Bank has an interest as a secured creditor, specifically properties located at 1401 Fleeton Road (a property separate and apart from the property at 817 Fleeton Road already listed by the Debtor) and 18429 Northumberland Highway (a property separate from the 18417 Northumberland Highway property already listed by the Debtor);

    b.    fails to make provision for payment of certain arrearages that exist but are not listed by the Debtor;

    c.    fails to properly and accurately state and provide for payment at regular contract rates.

4. Essex Bank has further questions regarding the amount and nature of the exemptions claimed by the Debtor, including but not limited to the claims regarding multiple real properties and the total amounts claimed as exempt.

5. The current deadline by which to file Objection to Exemptions is February 12, 2011. The current deadline by which to object to the proposed Chapter 13 Plan is February 16, 2011.

6. Essex Bank requires additional time to investigate and assess whether to object to any exemptions and whether to ultimately make formal objection to the Chapter 13 Plan, and to confer with Debtor's counsel to attempt to modify the Plan to properly account for its interests in an effort to avoid such objections and allow the Plan to be confirmed and to proceed.

7. Another secured creditor, the McAvoys, filed on February 11, 2011 a similar Motion requesting extension of these same deadlines to March 16, 2011.

8. The interests of justice and efficient administration of this case would be served by entry of an Order granting Essex Bank an extension of deadlines by which to object to Debtor's exemptions and to object to confirmation of the Chapter 13 Plan, through and including March 16, 2011.

WHEREFORE, for the foregoing reasons, Essex Bank, by counsel, respectfully requests that this Court enter an Order extending until March 16, 2011 (inclusive) the deadlines by which Essex Bank must file objections to exemptions claimed by the Debtor and object to confirmation of the Chapter 13 Plan, and grant such other relief as the Court may deem appropriate.

### ***NOTICE OF MOTION***

Essex Bank has filed this Motion to Extend Time.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before **February 28, 2011**, you or your attorney must:

1. File with the court, at the address shown below, a written response and supporting memorandum If you mail your request for response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

    Clerk of Court
    United States Bankruptcy Court
    Eastern District of Virginia
    701 E. Broad Street, Suite 4000
    Richmond, VA 23219

2. Attend a hearing to be scheduled at a later date. You will receive separate notice of hearing. **If no timely response has been filed opposing the relief requested, the court may grant the relief without holding a hearing.**

3

**Pursuant to Local Bankruptcy Rule 9013-1, if no written response to this motion is filed with the Court and served on the moving party within fourteen (14) days of the service of this notice objecting to the relief requested, the Court may deem any opposition waived, treat the motion as conceded, and issue an order granting the relief requested without further notice or hearing**

Respectfully submitted,

_____/s/ David G. Browne_____
David G. Browne (VSB# 65306)
Meyer, Goergen & Marrs, P.C.
1802 Bayberry Court, Suite 200
Richmond, VA 23226
Telephone: (804) 288-3600
Facsimile: (804) 565-1233
E-mail: browne@mgm-law.com
*Counsel for Essex Bank*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2011, a true and accurate copy of the foregoing Motion was filed via the ECF system and served thereby on all parties receiving notice via the ECF system.

_____/s/ David G. Browne_____