UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In Re:                                    )
    RICHARD BROWN MITCHELL, JR.    )    Case No. 10-38146-DOT
                                          )    Chapter 13
    Debtor.                           )

## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN AND NOTICE THEREOF

**PLEASE TAKE NOTICE THAT** John and Tiffany McAvoy have filed papers with the Court to object to confirmation of the Debtor's Chapter 13 Plan dated December 13, 2010.

**YOUR RIGHTS MAY BE AFFECTED. You should read these papers carefully and discuss them with your attorney, if you have one, in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in this objection, or if you want the Court to consider your views on the objection, then you or your attorney must:

Attend the hearing scheduled to be held on **April 20, 2011, at 11:00 a.m.,** before the Honorable Douglas O. Tice, Jr., Chief United States Bankruptcy Judge, Courtroom 5100, United States Courthouse, 701 E. Broad Street, Richmond, Virginia.

If you or your attorney do not take these steps, the Court may decide that you do not oppose this objection and may enter an order sustaining the objection.

## OBJECTION TO CHAPTER 13 PLAN

John and Tiffany McAvoy, by counsel, hereby file their objection to the Debtor's Chapter 13 Plan, stating as follows:

1.    The Court has jurisdiction pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding as set forth under 28 U.S.C. § 157.

---
Harry Shaia, Jr., Esq., VSB No. 5897
W. Scott Dillard II, Esq., VSB No. 80300
Spinella, Owings & Shaia, P.C.
8550 Mayland Drive
Richmond, Virginia 23294
(804) 747-0920
    *Counsel for John and Tiffany McAvoy*

2. On November 29, 2010, the debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in this Court.

3. John and Tiffany McAvoy ("McAvoy") are listed as secured creditors in debtor's petition, having obtained a judgment in the Circuit Court of Westmoreland County, Virginia, against the debtor in the amount of $178,514.00 plus accrued interest from February 25, 2010, for a total of $189,635.67 as of March 11, 2011, and having properly docketed said judgment with the Circuit Court of Northumberland County, Virginia, on March 26, 2010, as Instrument Number 100000073 (the "Lien").

4. Pursuant to the Lien, McAvoy had the Northumberland County Sheriff levy on several automobiles and a 14' Carolina Skiff belonging to the debtor on May 25, 2010. On information and belief, the debtor has since removed from the premises and secreted the Carolina Skiff and a 1997 Ford F-250, both of which were subject to levy, in violation of Va. Code Ann. § 18.2-101.

5. On December 5, 2008, during the pendency of the underlying action which gave rise to the Lien, the debtor transferred for no consideration to his son, a minor at the time, his 28-foot Chesapeake Classic Cabin Cruiser, a boat then worth in excess of $50,000.00 and subject to no liens. This transfer was the subject of a Complaint to Set Aside Fraudulent Conveyance pending in the Circuit Court of Northumberland County, Virginia, with a hearing held on the date the debtor filed his petition.

6. Paragraph 11 of the debtor's Plan, the only provision in the Plan relating to this Lien, suggests that <u>should</u> the debtor be able to sell his three parcels of real property within the next twelve months, he would be able to pay off the Lien and his other secured creditors. However, on information and belief, one of the three parcels had been on the market for six

months prior to the filing of the debtor's petition, without any offers. This parcel was listed again, together with the remaining two parcels for the first time, on December 20, 2010, *three weeks after filing the petition and one week after filing the Plan.* There have been no offers reported to McAvoy on any of the three parcels to date. It is not likely that the debtor will be able to effect these real property sales in a timely fashion.

7. At the Meeting of Creditors, the debtor confirmed the fact that he did not list two of the real estate parcels for sale until three weeks after filing his petition. When the debtor filed his Plan, stating that all three of his parcels of real estate were listed for sale, these two parcels of real estate had not yet been listed, and the listing for the third parcel had not been renewed.

8. A recent comparative market analysis of the debtor's residence obtained by McAvoy indicates that the average time on the market for four (4) comparable properties was Four Hundred Sixty-three (463) days, with a high of Eight Hundred Eighty-seven (887) days. In addition, the selling prices represented reductions of up to Thirty-seven percent (37%) from the original listing prices. The listing price for the debtor's principal residence, which must be sold in order to satisfy the Lien, is $525,000.00, a figure nearly $150,000.00 higher than the suggested listing price per the comparative market analysis.

9. With the current state of the real estate market and according to the comparative market analysis, the debtor's listing prices for his real property are unrealistic and indicate that he is not serious about his stated intention to fund the Plan via the sale of some or all of his real property.

10. The debtor is only committing himself to paying a total of $12,000.00 into the Plan over the course of one year. The debtor lost his Class A contractor's license and is relegated to doing small jobs. He indicates current wages of $1,000.00 monthly and an

additional $1,600.00 per month from chartering fishing trips, yet the debtor's Statement of Financial Affairs (the "SOFA") reports no income from employment or the operation of a business for 2010 or the two calendar years immediately preceding the filing of his petition.

11. Further, as previously stated, the debtor on December 5, 2008, transferred his 28-foot Chesapeake Classic Cabin Cruiser (the "Boat") to his son, Richard B. Mitchell, III, then a minor. This transfer raises the issue of the continued availability of the Boat for fishing charters. Again, prior to the debtor filing his petition, he reported no income from chartering fishing trips.

12. As reported on the SOFA, the debtor's total income for 2009 and 2010 was derived exclusively from the rental of real estate ($6,500.00 in 2009 and $26,800.00 in 2010), yet his reported expenses on Schedule J are $3,892.83 monthly, or $46,713.96 per year.

13. As a result of the foregoing, the Plan is tenuously based on speculative real estate sales, is not proposed in good faith, is not feasible, and confirmation should be denied.

**WHEREFORE**, John and Tiffany McAvoy respectfully request that the Court enter an Order denying confirmation of the Debtor's Chapter 13 Plan and for such other and further relief as the Court deems just and proper.

                                                   Respectfully submitted,

                                                   JOHN AND TIFFANY MCAVOY

DATE: March 14, 2011                  By: /s/ W. Scott Dillard II
                                                   Of Counsel

Harry Shaia, Jr., Esq. (VSB. No. 5897)
W. Scott Dillard II, Esq. (VSB No. 80300)
Spinella, Owings & Shaia, P.C.
8550 Mayland Drive
Richmond, Virginia 23294
(804) 747-0920

# Certificate

I hereby certify that a true and correct copy of the foregoing was electronically delivered via ECF or mailed, postage pre-paid to the parties in interest listed below on this 14th day of March, 2011.

/s/ W. Scott Dillard II

Robert E. Hyman, Esq.
P.O. Box 1780
Richmond, VA 23218-1780
    *Chapter 13 Trustee*

James S. Sease, Esq.
Bank of America Building, Suite 200
P.O. Box 715
Mathews, VA 23109
    *Counsel for Debtor*

Richard Brown Mitchell, Jr.
387 Harbor Drive
Reedville, VA 22539-3608
    *Debtor*